UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS MCKELVY,

Plaintiff,

-against-

ULSTER CORRECTIONAL FACILITY,

Defendant.

26-CV-4106 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Ulster Correctional Facility in Ulster County, New York, brings this *pro se* action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, alleging that unidentified employees of the New York State Department of Corrections and Community Supervision ("DOCCS") at Ulster Correctional Facility are violating his right to religious liberty. The Court liberally construes the complaint as asserting an additional claim under 42 U.S.C. § 1983 for violations of the First Amendment. Plaintiff names Ulster Correctional Facility as the sole defendant in this action. He seeks monetary relief.

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c)(2), an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.

Plaintiff alleges that unidentified DOCCS employees at Ulster Correctional Facility are violating his right to religious liberty by serving him animal products for meals. He does not plead the residence of Defendant; he only asserts that the alleged events giving rise to his claims occurred inside of Ulster Correctional Facility. Because Defendant is not alleged to reside in this district and because the alleged events occurred in Ulster Correctional Facility, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Ulster Correctional Facility, in Ulster County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 9, 2026
          New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge

3